OPINION OF THE COURT
Theodore Diamond, J.
HPD requests injunctive relief under Administrative Code of the City of New York § D26-51.0 et seq., ordering respondents to correct violations at 582-602 East 18th Street, Brooklyn.
The parties cite no order-to-correct cases, and we have found *465 none; except for contempt cases for failure to comply with such an order. Contrary to landlord’s memo, no sanctions are imposed by an order to correct violations. It orders him to do what he is legally required to do.
The June petition, based on a databank printout of June 18, lists 17 violations, confirmed by a printout introduced in evidence. At trial, HPD introduced certified inspection reports of August 4 and August 7, showing compliance with some violations, and many (90) new violations. I note that 7 of the original 17 have already been corrected, and one wasn’t checked due to no access on two visits. One cannot tell if the quadrupling of violations results from better access, better inspections, media activity, or a building-wide (rather than a complaint-oriented) inspection. In any event, on HPD’s motion, the petition is amended to delete all items that have been corrected, and add all new violations. Not only does it make sense to do this, but the OSC signed on June 23 referred to an order directing respondents "to correct all violations at the * * * premises”, and the petition refers to "violations of record and all conditions that constitute a violation of the MDI * * * violations of the MDL and HMC * * * and * * * to maintain said premises in conformance with those laws”. The order signed herewith requires compliance with all pending violations within time limits in the Housing Maintenance Code; nonhazardous (A) violations are given 90 days (Administrative Code § D26-51.01 [c]) in the absence of evidence that violations were previously served.
HPD, at hearing, moved to amend its petition to include requests for additional orders; regarding smoke alarms, boiler inspections, adequate heat and hot water, etc. Respondent opposed this amendment on the not unreasonable ground that it was not warned about these requests until the very end of the hearing. I amend the petition to grant the additional relief only if recorded violations indicate those problems exist. There are many smoke detector violations (15 in the new inspection reports), but, since there is nothing before me with regard to heat and/or hot water, or device on heating system, a preemptive order in that regard would be inappropriate. Note that seven violations, e.g., illegal window gates, are probably tenant caused.
HPD moves to have Sandra L. Amaturo added as a respondent. Amaturo was not served and did not appear. She is an employee of a corporate entity that has taken over management of many Spodek buildings, she has filed as registered *466 managing agent, and she works out of 771 East 31st Street, Brooklyn, where the Spodeks had their offices. Yet, her employer is the subject of another proceeding for a compliance order for this building, inter alia, HP 1443/86, and she may eventually be made a named respondent in that case, so it would be inappropriate to name her in this one.
Landlord moves to dismiss the petition because there was no proof that J. Leonard Spodek is connected to the building. There are loose procedures by the HPD registration unit. HPD’s concession that the unit is manned by clerks, not very intelligent, is no excuse for this. Landlord’s attorney admitted that he represented both respondents, "600 East 18th Street Realty” (whatever that might be), and "J. Leonard Spodek” (a person). At no time was there any denial that Spodek was connected with the building. If an answer was filed so claiming, it is not part of this file. A July 2, 1984 deed in evidence is signed by J. Leonard Spodek, who swore he resided at 777 East 31st Street (which is unlikely), and he was president of "600 East 18th Street Realty, the corporation”. But the face of the deed has his signature under "600 Realty Inc.” (which is different from "600 East 18th St. Realty”). The deed is a transfer from "600 Realty Inc.” of 777 East 31st Street, to "600 E.-18th St. Realty” of the same address. It does not say whether "600 E.-18th St. Realty” is a partnership, trade name, d/b/a, etc.
A July 2, 1984 multiple dwelling registration statement is signed by "Leonard Spodek” (no "J.”), as managing agent, who said that he lived at 777 East 31st Street. He identified the owner as "600 East 18th St. Realty” — which is almost identical with the "600 E.-18th St. Realty” on the deed. And while the registration card says "check one”, it was checked as a partnership, corporation and individually owned building. This should have been flagged by HPD’s registration unit. How could it be a corporation if its name didn’t include "Inc.”? A subsequent August 4, 1986 registration statement filed as part of the management transfer from Spodek includes "all statements herein are true and correct” followed by a July 29, 1986 signature that appears to be "J. Leonard Spodek”. It says that the building is now owned by "600 Realty Assoc.” Moreover, it is now identified as individually owned. If it is individually owned and J. Leonard Spodek signed as owner, then he is a proper respondent. But if individually owned, owner cannot be named "600 Realty Assoc.” unless it is a d/b/a. Again, HPD should not have accepted a registra *467 tion which, on its face, was at least inaccurate or at worst another misrepresentation. In the light of these obvious efforts to hide ownership of the building, on my motion, the caption and body of the order to correct also name as respondents: "Leonard Spodek, 600 Realty Assoc., 660 E.-18th St. Realty, 600 Realty Inc., and 600 East 18th St. Realty, Inc.”
In the absence of cited authority authorizing a requirement that failure to comply with each violation be a separate contempt, although HPD was specifically requested to supply citations, I decline to so order.